UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-97-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| SOLOMON DAVON GILLIAM, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant Solomon Davon Gilliam's pro se "Motion for Time Credit or Clarification of His Sentence." (Doc. No. 50). In response, the Government has filed a Motion to Dismiss Defendant's Motion for Time Credit. (Doc. No. 52). Gilliam has filed a Reply. (Doc. No. 55).

I.     **BACKGROUND AND PROCEDURAL HISTORY**

On June 30, 2018, Gilliam entered the Tobacco 2022 store on Beatties Ford Road in Charlotte, North Carolina. (Doc. No. 44, ¶ 5 (PSR)). Gilliam struck the proprietor with an object, causing the proprietor to fall down. (Id. ¶¶ 7, 10). Gilliam, who had a black and silver pistol in his hand, demanded the proprietor's wallet, which Gilliam emptied of cash. (Id. ¶ 7). Gilliam also took the proprietor's cell phone. (Id.). Gilliam told the proprietor that he would kill him if he did not open the cash register. (Id.). The proprietor complied, and Gilliam fled with almost $3,000 in cash. (Id.). When Gilliam committed his offense, he was serving a term of supervised release for possession of a firearm by a felon. (Id. ¶ 40). His supervised release was revoked for unrelated violations, and the Court sentenced him to nine months in prison on December 12, 2018. (Id.). Gilliam finished serving that sentence on May 17, 2019. (Id.).

A grand jury indicted Gilliam in March 2019, charging him with Hobbs Act robbery and

1

brandishing a firearm in furtherance of a crime of violence for his robbery of the Tobacco 2022 store. (Doc. No. 1). Gilliam was arrested for these charges on April 16, 2019. (Dkt. entry of Apr. 16, 2019). In a superseding indictment, the grand jury also charged Gilliam with possession of a firearm by a felon. (Doc. No. 19). Gilliam entered into a plea agreement, agreeing to plead guilty to the Hobbs Act robbery count in exchange for the dismissal of the other two counts. (Doc. No. 32, ¶¶ 1–2).

On October 21, 2021, this Court sentenced Gilliam to 108 months of imprisonment "[t]o account for the serious nature of the offense and the injury to the victim." (Doc. Nos. 47 & 48, at 2). The Court also imposed a two-year term of supervised release "to run concurrently with any State or Federal term previously imposed." (Doc. No. 47, at 3). Gilliam did not appeal his conviction. Instead, he filed the present motion seeking time credit in February 2023. (Doc. No. 50).

## II. DISCUSSION

The Court will dismiss Gilliam's motion because he has not exhausted his administrative remedies or shown any error in the calculation of his time credit. Contrary to Gilliam's suggestion, the Sentencing Guidelines contain no "residual authority" for the Court to award time credit. It is the province of the Attorney General, acting through the Bureau of Prisons (BOP), to give a defendant credit for the time spent in federal custody before sentencing. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 333–35 (1992); Harris v. United States, No. 3:12CV850, 2015 WL 8366822, at *4 (W.D.N.C. Dec. 8, 2015). A prisoner may challenge the computation of his sentence in a habeas corpus petition under 28 U.S.C. § 2241. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Such a challenge should be raised in the prisoner's district of confinement. Id. Gilliam is currently incarcerated in South Carolina.

Additionally, before seeking review of time credit calculations in court, prisoners must exhaust their administrative remedies. See Wilson, 503 U.S. at 335. Gilliam does not allege that he has exhausted his administrative remedies by seeking relief from the BOP, and his administrative records do not reflect any such efforts. (Gov. Ex. 1). Accordingly, the Court will dismiss his claim for time credit for lack of jurisdiction and for failure to exhaust.

Even if the Court had jurisdiction and Gilliam had exhausted his administrative remedies, he has not shown any error in BOP's time-credit calculation. A defendant begins serving his sentence when he is received in custody for transportation to "the official detention facility at which [his] sentence is to be served." 18 U.S.C. § 3583(a). A defendant is entitled to credit for time spent in official detention prior to the date his sentence commences if such detention was "as a result of the offense for which the sentence was imposed," or as a result of another charge the defendant was arrested for after committing the offense for which the sentence was imposed, and that time has not been credited against another sentence. 18 U.S.C. § 3585(b). Gilliam's BOP records show that he has been awarded jail time credit from May 18, 2019—just after he finished serving his prior sentence for revocation of supervised release from his felon-in-possession conviction—through his sentencing date on October 20, 2021. (Gov. Ex. 2, at 2).

Gilliam seems to be suggesting that he should receive credit for the time he served for his violation of supervised release. However, that time was credited to his sentence for violating supervised release, and most of that time was served before Gilliam was even indicted or taken into custody for Hobbs Act robbery. The Sentencing Guidelines recommend that where a defendant commits a new offense while on supervised release and supervised release is revoked, the term of imprisonment for the new offense "be imposed consecutively to the sentence imposed for the revocation." U.S.S.G. § 5G1.3, cmt. n.4(C). The Court's judgment followed this

recommendation and ordered only Gilliam's term of supervised release, following the service of his 108-month sentence, to run concurrently with any other federal or state offenses. Doc. No. 47, at 3. Accordingly, this Court will dismiss Gilliam's motion because the Court's judgment is clear, and he has not shown any error in the calculation of his time credit.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant Solomon Davon Gilliam's pro se Motion for Time Credit or Clarification of His Sentence, (Doc. No. 50), is **DENIED**.

(2) The Government's Motion to Dismiss Defendant's Motion for Time Credit, (Doc. No. 52), is **GRANTED**.

Signed: May 8, 2023

Max O. Cogburn Jr.
United States District Judge

4